CAVANAGH, J.
(concurring in the result only). The majority holds that the plain language of the “frank communications” exemption, MCL 15.243(1)(m), of the Freedom of Information Act (FOIA) exempts communications and notes that were preliminary to an agency determination of policy or action at the time they were created. Although I agree with the result reached by the majority and much of its reasoning, I write separately because I would not rely solely on a textualist approach to statutory interpretation in this case.
Certainly, statutory interpretation must begin with an examination of the language of the statute. But it is often helpful to use other methods of statutory interpretation, such as legislative history, when a statute is susceptible to different interpretations. Particularly applicable in this case is the maxim that “[i]f the meaning of a statute is unclear, a court must consider the object of the statute and apply a reasonable construction that best accomplishes the Legislature’s purpose.” Rowell v Security Steel Processing Co, 445 Mich 347, 354; 518 NW2d 409 (1994). While FOIA is intended to be a pro-disclosure statute, the frank communications exemption recognizes a valid public interest in encouraging frank communications within public bodies during deliberations. Allowing disclosure of all preliminary communications once a final determination has been made would undermine the valid interest in encouraging frank communications. But this exemption is not without bounds: the balancing test associated with the frank communications exemption is vital to ensuring *279 that the exemption does not engulf the general rule, which favors disclosure. Accordingly, I concur in the result reached by the majority.